# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

H2OCLEAN, INC., a Florida corporation,

              Plaintiff,

v.                                                Case No. 3:05cv387/RV/EMT

LEONARD SCHMITT, an individual;
APRIL'S AFTER-CARE, INC., a Florida
corporation; and APRIL'S ATTIC, a Florida
company,

              Defendants.
_____/

## ORDER

Plaintiff H2Ocean, Inc. brought an action in this court against Leonard Schmitt, April's After-Care, Inc., and April's Attic, alleging a claim of patent infringement [35 § U.S.C. 271], as well as various state law and equitable claims. An amended complaint was filed on April 17, 2006. The Defendants now move to dismiss Plaintiff's complaint. (Docs. 22 & 23) For the purposes of this motion, the factual allegations in the Defendant's answer will be taken as true.

## I.    FACTUAL BACKGROUND

The Plaintiff in this case, H2Ocean, Inc. ("H2Ocean") holds the exclusive rights to the manufacture, distribution, marketing, promotion, advertising, and sale of a patented sea-water based topical spray ("the spray") used as a disinfectant in the

tattoo and piercing industry. In 2002, H2Ocean began selling the spray to April's Attic, a tattoo parlor located in Pensacola, Florida. According to the Plaintiff, H2Ocean shared confidential information about the chemical makeup and manufacture of the spray with the owner of April's Attic, Letha Schmitt, in order to aid in its marketing efforts. Plaintiff also contends that it helped April's Attic establish a network of clients for the resale of the spray in the Pensacola area, and in other cities. However, at no point did the parties enter into any formal agreement regarding their relationship. In August of 2004, April's Attic stopped purchasing the spray from H2Ocean for resale in its shop.

In July of 2005, April's Attic began to sell a new disinfectant topical spray called "Perfect Piercing" which had been developed by Letha Schmitt's husband, Leonard Scmitt. Perfect Piercing combined filtered water with salt, aloe, and lysozyme, a bacterial agent used in the wine industry. Leonard Schmitt also formed a corporation, April's After-Care, Inc. ("April's After-Care"), for the purpose of developing, manufacturing, and selling Perfect Piercing and other tattoo and body piercing products to April's Attic.

H2Ocean brought this action against Leonard Schmitt, April's Attic, and April's After-Care, claiming that perfect piercing infringed on patents held for the spray.

**II.   DISCUSSION**

   A.   Motion to Dismiss Standard

A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. See, e.g., Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the court must accept all of the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. See, e.g., Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); Hunnings v. Texaco, Inc.,

29 F.3d 1480, 1483 (11th Cir. 1994).

    B.    <u>Leonard Schmitt</u>

As an initial matter, all claims against Leonard Schmitt in his individual capacity must be dismissed. From the Plaintiff's complaint, it appears that Leonard Schmitt's only involvement in this case stems from the fact that he is the President and Registered Agent for April's After-Care, a Florida corporation. Florida law provides that "a director [of a corporation] is not personally liable for monetary damages to the corporation or any other person for any statement, vote, decision, or failure to act, regarding corporate management or policy, by a director." <u>Fla</u>. <u>Stat</u>. § 607.0831. Leonard Schmitt thus cannot be held individually liable for the actions of April's After-Care in this case, and all claims against him must be dismissed.

    C.    <u>Equitable Relief</u>

Defendants' contend that Count I (Injunctive relief), Count IV (Demand for Accounting), Count VI (Constructive Trust), and Count VII (Equitable Lien) of the Plaintiff's complaint, which allege claims for equitable relief, are not valid claims. Title 35, United States Code, Section 283 provides that "[t]he several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." However, it is a well established principle of Anglo-American law that equitable relief is appropriate only where there is no adequate remedy at law, and with the exception of Count I, none of the Plaintiff's equitable claims make this allegation. <u>Justice v. United States</u>, 6 F.3d 1474 (11th Cir. 1993). Counts IV, VI, and VII of the Plaintiff's complaint must, therefore, be dismissed.

    D.    <u>Declaratory Judgment</u>

The Defendants next object to Count II of the Plaintiff's complaint, which is a count for declaratory judgment under Title 28, United States Code, Section 2201. Section 2201 provides that "[i]n a case of actual controversy within its jurisdiction…

any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." While Section 2201 claims are more commonly brought by potential infringers seeking a declaration that a proposed course of action will not infringe on the patent or that the patent is invalid, they may also be brought by the patent holder himself, seeking a declaration that a given action or product is infringing. Lang v. Pacific Marine and Supply Co., 895 F.2d 761 (Fed. Cir. 1990).

The nature of the Defendants' objection to the declaratory judgment claim is not entirely clear. The Defendants' memorandum states that, because the Plaintiff has also filed a claim for patent infringement, there is an actual controversy about whether Perfect Piercing is an infringing product. However, far from precluding a claim for declaratory judgment under Section 2201, an actual controversy is one of the prerequisites to filing such a claim. Arrowhead Industrial Water, Inc. v. Ecolochem, Inc., 846 F.2d 731 (Fed. Cir. 1988). Further, even if the Plaintiff's claim for declaratory judgment was somehow at odds with its patent infringement claim, nothing precludes a party from alleging multiple, mutually inconsistent claims as part of its complaint. See Fed. R. Civ. Pro. 18(a) ("A party may also state as many separate claims or defenses as the party has regardless of consistency.")

    E.    Patent Infringement

The Defendants raise two objections to Count III of the Plaintiff's complaint, which is a claim for patent infringement. First, the Defendants contend that "[t]his Court does not have full jurisdiction, pursuant to 28 U.S.C. § 1338 (2005), of the asserted claim for patent infringement." Title 28, United States Code, Section 1338(a) provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." It is not clear why the

Defendants think this court lacks full jurisdiction to hear Plaintiff's patent infringement claim, as they have provided no reasoning or argument supporting their assertion. In any event, Section 1338(a) clearly provides this court with jurisdiction over the Plaintiff's patent infringement claim.

The Defendants' also contend that Count III fails to state a claim for patent infringement because it does not provide sufficient detail so as to put the Defendants on notice of the nature of the claim against them. The Federal Rules do not require a plaintiff to plead their claims in anything approaching exhaustive detail. Canadyne-Georgia Corp. v. NationsBank, N.A. (South), 183 F.3d 1269 (11th Cir. 1999). Instead, a plaintiff need only plead his claim with enough sufficiency so as to put the defendant on notice about the nature of the claims against him. Id., at 1275. This notice pleading standard applies equally to patent infringement claims. Phonometrics v. Hospitality Franchise Systems, 203 F.3d 790 (Fed. Cir. 2000).

Paragraphs 18-21 of the Plaintiff's complaint (incorporated by reference in its patent infringement claim) allege that Perfect Piercing, manufactured and sold by the Defendants, infringes upon their rights under Letters Patent issued by the United States Patent and Trademark Office. This is sufficient to put the Defendants on notice as to the nature and basis of the Plaintiff's patent infringement claim. In fact, some of the arguments made in the Defendants' memorandum (arguments more appropriate at summary judgment than on a motion to dismiss) indicate quite plainly that the Defendants do understand the nature of the Plaintiff's patent infringement claim.

    F.    <u>Unjust Enrichment</u>

Count V of the Plaintiff's complaint is a claim for unjust enrichment. Unjust enrichment is an equitable remedy under Florida law, and thus, to state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists. Bowleg v. Bowe, 502 So.2d 71 (Fla. 3rd DCA 1987). Plaintiff's complaint does not do this. Count V must, therefore, be dismissed.

    G.    <u>Theft of Trade Secrets</u>

Count VIII of the Plaintiff's complaint is a claim for theft of trade secrets under the Florida Uniform Trade Secrets Act ("FUTSA"). First, the Defendants raise the same objection with regard to this count as they did for Count III, namely that this court lacks jurisdiction over the claim. As with their objection to Count III, the Defendants no not provide any supporting reasoning or argument for their claim that this court lacks jurisdiction over Count VIII, nor is any such argument apparent. Title 28, United States Code, Section 1367(a) grants federal courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article II of the United States Constitution." Plaintiff's theft of trade secrets claim arises out of the same nucleus of operative facts as its other federal claims. Pendent jurisdiction over the claim is, therefore, appropriate.

The Defendants also contend that Count VIII fails to state a claim for theft of trade secrets, because it does not contain allegations that the Defendants committed any "theft." Such allegations, however, are not necessary for a claim under FUTSA. The two elements of a claim for theft of trade secrets under Florida law are: (1) that the plaintiff possessed secret information and took reasonable steps to protect its secrecy and (2) that the secret it possessed was misappropriated. <u>Del Monte Fresh Produce v. Dole Food Company</u>, 136 F. Supp. 2d 1271 (S.D. Fla. 2001). A trade secret is misappropriated if it is either acquired via improper means, or if it is disclosed or used by someone without proper consent. <u>Tedder Boat Ramp Systems v. Hillsborough County, Fla.</u>, 54 F. Supp. 2d 1300 (M.D. Fla. 1999). Since a defendant can commit theft of trade secrets without acquiring the trade secrets in question by improper means, the Defendants' objection to Count VIII must fail.

### III.  CONCLUSION

For the above reasons, the Defendants' motions to dismiss (Docs. 22 & 23) are GRANTED as to Counts IV, V, VI, and VII, and as to Defendant Leonard Schmitt. The motion is DENIED as to April's Attic and April's After-Care as to Counts I, II, III, and VIII.

DONE AND ORDERED this 30th day of June, 2006.

>   */s/  Roger Vinson*
>   **ROGER VINSON**
>   **Senior United States District Judge**