IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

H2OCEAN, INC.,
    Plaintiff,

v.                                          Case No.: 3:05cv387/RV/EMT

LEONARD E. SCHMITT, et al.,
    Defendants.
_____/

## **ORDER**

This cause is before the court on Defendants' Motion to Compel Plaintiff to Answer Interrogatories, To Produce Documents and for Sanctions (Doc. 77), Plaintiff's Response thereto (Doc. 88), Plaintiff's Motion to Amend Response (Doc. 89), Plaintiff's Amended Response (Doc. 90), Plaintiff's Motion to Compel Discovery from the Defendants (Doc. 78), and Defendant's Response thereto (Doc. 86).

    I.    Background

This is an action alleging violation of United States patent laws, 35 U.S.C. §§ 271, 282, 283, 284, 285 (Doc. 47 at 2). In its second amended complaint, Plaintiff alleges that it has exclusive rights to manufacturing, distribution, marketing, promotion, advertising, and sale of "Product," and that it has been manufacturing and selling Product since 2002 (*id.* at 2–3). Defendants Schmitt and April's Attic (Schmitt's sole proprietorship) were two of the clients that began purchasing Product during 2002, and these Defendants "became extremely knowledgeable with the Product's chemical makeup and manufacturing process due to the Plaintiff's sharing of said knowledge under confidence for the purpose of proper marketing" (*id.* at 3–4). In August 2004, Schmitt stopped purchasing Product from Plaintiff, and in July 2005, Schmitt opened another company, April's After-Care (*id.* at 4). After-Care's main product is named "Perfect Piercing," and Plaintiff alleges

that Perfect Piercing is currently manufactured under nearly the same process and contains identical ingredients as Plaintiff's Product (*id.* at 5).

The instant motions are not the first discovery disputes in this case.  Defendants together served Plaintiff with a First Set of Interrogatories and First Requests for Production on August 10, 2006 (Doc. 60 at 2).  Defendants anticipated that a protective order would be necessary, so Defendants prepared and sent to Plaintiff a proposed protective order on August 14, 2006 (Doc. 58 at 2).  Defendants' proposed protective order stipulates that protected documents obtained from Plaintiff in discovery shall not be used in any way other than in preparation for trial in this action (Doc. 60, Ex. A at 2).  During the following weeks, Plaintiff refused to discuss changes to the document and refused to sign it (*id.* at 1).

On September 8, 2006, <u>over four weeks</u> after Defendants served Plaintiff with discovery requests, and the <u>Friday afternoon</u> before the <u>Monday deadline</u> for responding to those requests, Plaintiff filed a motion with this court requesting an additional fourteen days to respond to Defendants' discovery requests (Doc. 51 at 2).  As justification for its request, Plaintiff stated that it needed additional time to obtain the documents requested by Defendants and to evaluate whether any privilege applied to the documents (*id.*).  However, on September 11, 2006, the day Plaintiff's responses to Defendants' discovery requests were due, Plaintiff sent Defendants objections to Defendants' first set of interrogatories and objections to Defendants' first requests for production of documents (*see* Doc. 60, Exs. D, E).  On the same day, Plaintiff filed with this court a Motion for Protective Order, essentially seeking this court's permission to refuse to respond to any of Defendants' discovery requests on the grounds that the requests concern privileged or irrelevant information (*see* Doc. 54).  This court denied Plaintiff's motion for an extension of time as moot and denied Plaintiff's motion for a protective order (Doc. 62).  Further, this court warned Plaintiff that it "does not look favorably upon Plaintiff's position that essentially all of Defendants' discovery requests are objectionable.  Plaintiff is urged to cooperate with Defendants in resolving the objections, and only those for which there is a good faith basis for objecting should be brought before this court via a motion to compel" (*id.* at 3 n.1).

Currently, the discovery deadline is November 30, 2006 (Doc. 68) and the deadline for dispositive motions is January 15, 2007 (Doc. 31 at 3; Doc. 32). Neither party has sought an extension of these deadlines, and trial has not yet been set (*see* Doc. 32).

II.        Defendants' Motion to Compel and Motion for Sanctions

First, Defendants request that this court order Plaintiff to respond to Attic's first set of interrogatories 1–9 (Doc. 77, Ex. A) and After-Care's first set of interrogatories 1–22 (*id.*, Ex. B). Defendants state that the only interrogatories Plaintiff actually answered were numbers 19 and 21 (*id.* at 3). Further, Plaintiff gave a partial answer to number 16 by stating that it had not computed its damages, but Defendants have not yet received complete documentation establishing Plaintiff's damages (*id.* at 3–4). In addition to objecting to the rest of the interrogatories, Plaintiff provided no answer or objection to After-Care's interrogatory number 6 (Attic's interrogatory number 3) (*id.* at 4).

Next, Defendants request that this court order Plaintiff to respond to Attic's first request for production 1–13 (*id.*, Ex. D) and After-Care's first request for production 1–28 (*id.*, Ex. E). Plaintiff responded to these requests with objections (*id.*, Ex. F), thirty-six pages of invoices showing Defendants' Product purchases from Plaintiff, copies of Plaintiff's two published patents, Defendants' advertisement flyer for Perfect Piercing, labeling for various H2Ocean products, various types of H2Ocean informational advertisements, test and analysis of substances submitted to Spectrum Labs by Plaintiff, copies of Defendants' advertising materials, and two pages showing an incomplete claims chart (*id.* at 5). None of these documents were identified as being responsive to any particular numbered request (*id.*).

Defendants brought these discovery issues to Plaintiff's attention by letters dated October 5, 2006, October 10, 2006, and November 6, 2006 (*id.*, Ex. G). In those letters, Defendants requested that Plaintiff respond fully to discovery, and Plaintiff promised to respond fully if Defendants agreed to extend the discovery deadline (*id.* at 6). Defendants agreed, but Plaintiff has still not responded to the interrogatories and has not supplemented its responses to the document requests (*id.*). Defendants now request that this court take one of two actions. One, Defendants request that Plaintiff's causes of action for theft of trade secrets, patent infringement, and unjust enrichment be dismissed and that Plaintiff be required to pay Defendants' reasonable attorney fees

and expenses incurred in bringing the motion to compel (*id.* at 24).  In the alternative, Defendants request an order compelling responses and production of documents and granting Defendants' reasonable attorney fees and expenses incurred in bringing the motion to compel (*id.* at 25).

In its first response, Plaintiff objected to Defendants' motion, because many of Defendants' requests ask Plaintiff to reveal trade secrets and Plaintiff was "concerned" about revealing those secrets, even with a protective order (Doc. 88 at 2).  Next, Plaintiff alleged that it set forth specific objections to each of Defendants' interrogatories and requests for productions that Plaintiff did not answer (*id.* at 7–16).  Finally, Plaintiff contended that Defendants' counsel had not "conferred" with Plaintiff regarding the requested discovery (*id.* at 4–7).  Plaintiff admitted that Defendants sent correspondence requesting more complete discovery answers, but Plaintiff stated that correspondence does not meet the requirements of Federal Rule of Civil Procedure 37(a)(2)(A) or Northern District of Florida Local Rule 7.1(B) (*id.*).  Further, Plaintiff stated that its counsel and Defendants' counsel had a discovery conference scheduled for Friday, December 8, 2006 (*id.* at 7).

On December 15, 2006, Plaintiff moved to amend its response (Doc. 89) and filed an amended response (Doc. 90).  In this amended response, Plaintiff states that Plaintiff's objections to Defendants' discovery requests as well as the issues related to an agreed protective order were addressed at the December 8 conference (Doc. 90 at 2).  Attached to Plaintiff's amended response is a summary of the meeting (*id.*, Ex. A) and a proposed agreed protective order that has been forwarded to Defendants for review (*id.*, Ex. B).  Plaintiff requests that this court enter an order approving the proposed agreed protective order (*id.* at 2).  Other than the information regarding the December 8 meeting, Plaintiff's amended response is substantially the same as its original response (*compare* Doc. 88 *with* Doc. 90).

Based on Plaintiff's amended response, the status of Defendants' discovery requests is unclear.  Although it appears that the parties agreed to a rewording of some of Defendants' interrogatories and requests for production (*see* Doc. 90, Ex. A), Plaintiff does not indicate that it already answered these discovery requests or when it will answer them (*see id.* at 1–2, Ex. A).  Further, Defendants have not indicated to the court that they would like to withdraw or amend their previous motion to compel.  Thus, before this court addresses individually each of Defendants' thirty-one interrogatories and forty-one requests for production, Defendants shall file a response to

Plaintiff's amended response (Doc. 90).  In their response, Defendants shall indicate whether they will stipulate to Plaintiff's proposed protective order and shall indicate whether they are still moving to compel Plaintiff's responses to any particular discovery requests.  Defendants' filing of this response will not preclude this court from later awarding sanctions to Defendants for their reasonable attorney fees and costs associated with bringing the original motion to compel, if the court determines that sanctions are justified.[1]

### III.     Plaintiff's Motion to Compel and Motion for Sanctions

Plaintiff states that it served requests for production on all of the Defendants on October 26, 2006, and that it served interrogatories on After-Care and Attic on October 29, 2006 (Doc. 78 at 2).  According to Plaintiff, Defendants Schmitt, After-Care, and Attic had until November 27, 2006 to respond to Plaintiff's requests for production, and Defendants After-Care and Attic had until November 29, 2006 to respond to Plaintiff's interrogatories (*id.*).  Plaintiff alleges that all of the Defendants failed to respond to Plaintiff's requests for production, and Defendants After-Care and Attic failed to respond to Plaintiff's interrogatories within thirty days (*id.*).  On "the day following the due date for the Discovery,"[2] Plaintiff's counsel "attempted to conduct a good faith conference . . . to resolve the issues raised" in the instant motion (*id.* at 4).  However, Plaintiff's counsel was unable to reach counsel for Defendants after calling his office and his cell phone (*id.*).  Plaintiff filed the instant motion on November 30, 2006 (*id.*).  In its motion, Plaintiff requests an order of this court compelling responses to its interrogatories and requests for production and deeming waived any objections (*id.* at 3–4).

Defendants state that their counsel received Plaintiff's request for production of documents on October 26, 2006 and received Plaintiff's interrogatories on October 29, 2006 (Doc. 86 at 1).  Defendants' counsel forwarded the requests for production to Defendants via mail on October 27, 2006, and forwarded the interrogatories to Defendants by mail on November 7, 2006 (*id.* at 1, Ex. A).  Defendants' counsel served Defendants' interrogatory responses to Plaintiff's counsel via first

---

[1] Given the volume of the motions filed in the instant matter, the court anticipates that any award of sanctions will be quite substantial.

[2] It is unclear which date Plaintiff means, as responses to interrogatories and requests for production were due on two different dates.

Case No: 3:05cv387/RV/EMT

class mail on November 28, 2006 (*id.* at 2, Ex. B).  Regarding the request for production of documents, Defendants allegedly did not receive the documents sent by their counsel, and when they realized this, Defendants immediately picked up another copy (*id.* at 2).  Defendants are in the process of responding to the requests for production, and After-Care has already completed its response, which it planned to send to Plaintiff's counsel on December 8, 2006 (*id.*).  Plaintiff's counsel attempted to contact Defendants' counsel on November 30, 2006 and left a message on Defendants' counsel's cell phone in the evening of that date (*id.*).  After receiving the message on December 1, 2006, Defendants' counsel called Plaintiff's counsel and advised him that Defendants were in the process of preparing their responses to Plaintiff's requests for production of documents (*id.* at 2–3).

The Rules of Civil Procedure provide that the party upon whom interrogatories are served shall serve a copy of the answers and objections, if any, within thirty days after the service of interrogatories, Fed. R. Civ. P. 33(b)(3), and that the party upon whom requests for production are served shall serve a written response within thirty days after the service of the request, *id.* 34(b).

Plaintiff served its interrogatories on October 29, 2006 via facsimile (Doc. 86 at 1).  Service was complete upon transmission, Fed. R. Civ. P. 5(b)(2)(D), and Defendants' thirty days to respond began to run on the following day, October 30, 2006, *id.* 6(a).  The thirty-day period to reply should have ended on Tuesday, November 28, 2006, pursuant to Rule 6(a).  *See id.* 6(a).  However, because service was made by electronic means, three days are added after the prescribed period would otherwise expire under Rule 6(a).  *Id.* 6(e).  Therefore, Defendants had until Friday, December 1 to respond to Plaintiff's interrogatories.  In fact, Defendants served their responses to Plaintiff's interrogatories via mail on Tuesday, November 28, 2006 (Doc. 86, Ex. B).  Service of Defendants' responses to Plaintiff's interrogatories was complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), so Defendants' responses were timely.

Plaintiff served its requests for production on October 26, 2006 via facsimile (Doc. 86 at 1).  Service was complete upon transmission, Fed. R. Civ. P. 5(b)(2)(D), and Defendants' thirty days to respond began to run on the following day, October 27, 2006, *id.* 6(a).  Because the thirtieth day was Saturday, November 25, 2006, the thirty-day period to reply should have ended on Monday, November 27, 2006, pursuant to Rule 6(a).  *See id.* 6(a).  However, because service was made by

electronic means, three days are added after the prescribed period would otherwise expire under Rule 6(a). *Id.* 6(e); *see* Treanor v. MCI Telecomms. Corp., 150 F.3d 916 (8th Cir. 1998) (applying Rule 6(a) first where both 6(a) and 6(e) applied); Lerro v. Quaker Oats Co., 84 F.3d 239, 242 (7th Cir. 1996) (same). Therefore, Defendants had until Thursday, November 30 to respond to Plaintiff's requests for production. Defendants admit that their responses will be untimely, but they allege good cause for their failure to submit the responses by the deadline (*see* Doc. 86).

Rule 37 permits a party to move for an order compelling a response to requests for production if the opposing party has failed to respond. Fed. R. Civ. P. 37(a)(2)(B). The moving party must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." *Id.* Northern District of Florida Local Rule 7.1(B) has a similar requirement:

> Counsel for the moving party, or a party who proceeds pro se, shall confer with counsel for the opposing party and shall file with the court, at the time of filing a motion, a statement certifying that counsel or the pro se party has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised or has attempted to so confer but, for good cause stated, was unsuccessful.

N.D. Fla. Loc. R. 7.1(B) (emphasis added).

In the instant case, it is undisputed by the parties that Plaintiff's counsel called Defendants' counsel's office on November 30, but Defendants' counsel was out of his office. Next, Plaintiff's counsel called Defendants' counsel on his cell phone and left a message, sometime in the evening of November 30. That same evening, Plaintiff filed the instant motion to compel with this court, before actually speaking with Defendants' counsel. As discussed above, November 30 was the day that Defendants' responses to Plaintiff's requests were due, and it was the day before Defendants' responses to Plaintiff's interrogatories were due. Plaintiff's counsel's calls to Defendants' counsel on November 30 are insufficient to meet the requirement that Plaintiff's counsel in good faith confer or attempt to confer[3] with the opposing party in order to secure the information without court action.[4]

---

[3] Ironically, in its response to Defendants' motion to compel, Plaintiff insists that Defendants violated this same requirement (Doc. 88 at 4–7). However, Defendants served their discovery requests on Plaintiff on August 10 and September 8, 2006; sent three letters to Plaintiff, on October 5, October 10, and November 6, 2006, requesting more

If Plaintiff's counsel had waited one day for Defendants' counsel to return his call, Plaintiff's counsel would have learned that Defendants' had timely served their interrogatory responses and that Defendants needed an extension of time in which to serve their responses to Plaintiff's requests for production.  Instead, Plaintiff again needlessly involved this court.  Additionally, Plaintiff has not demonstrated any good cause for failing to confer with Defendants' counsel before filing the instant motion to compel.  As noted above, the motion was filed <u>before the deadline</u> for Defendants' responses, and Plaintiff has not alleged any emergency situation that caused it to file the motion on November 30 instead of several days later.

Because Plaintiff's motion to compel does not meet the requirements of Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 7.1(B), it shall be denied.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Amend Response (Doc. 89) is **GRANTED**.

2. Defendants shall file a response to Plaintiff's amended response (Doc. 90) on or before **WEDNESDAY, JANUARY 3, 2007**.  In their response, Defendants shall indicate whether they will stipulate to Plaintiff's proposed protective order and shall indicate whether they are still moving to compel Plaintiff's responses to any particular discovery requests.

3. Plaintiff's Motion to Compel (Doc. 78) is **DENIED**.

---

complete answers to discovery requests; agreed to an extension of the discovery deadline; and waited until November 30, *weeks* after Plaintiff's responses were due, to file a motion to compel (Doc. 77 at 2–6).  If, as Plaintiff alleges, Defendants efforts were insufficient to meet the good faith conference requirement, then Plaintiff's efforts regarding its instant motion do not even come close.

[4]As Plaintiff has previously been advised, it is not the job of this court to micro-manage discovery (*see* Doc. 62).

Case No: 3:05cv387/RV/EMT

**DONE AND ORDERED** this 22<u>nd</u> day of December 2006.

          <u>/s/ *Elizabeth M. Timothy*</u>
          **ELIZABETH M. TIMOTHY**
          **UNITED STATES MAGISTRATE JUDGE**