IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

H2OCEAN, INC.,
 Plaintiff,

v.             Case No. 3:05cv387/RV/EMT

LEONARD SCHMITT, et al.,
 Defendants.
_____/

**O R D E R**

  This matter is before the court on Plaintiff's Response to Order Dated January 10, 2007 (Doc. 108) and Defendants' Notice Pertaining to the Agreed Protective Order (Doc. 110). Plaintiff and Defendants 'agree'[1] that a protective order should be entered to govern disclosure of certain documents and materials produced or to be produced by Plaintiff in the course of discovery and at trial. However, because the parties failed to reach an agreement on the precise wording of the protective order, the court is entering its own order as the court previously indicated it would if the parties could not agree (*see* Doc. 99). Nevertheless, the court has considered the proposed orders submitted by each party in determining an appropriate protective order. Finally, in light of the entry of the instant protective order, and because the discovery disputes in this case apparently arose because no protective order was in place, all outstanding motions to compel shall be denied without prejudice, with leave given to refile <u>if necessary</u>. Any future discovery motions shall state with

---

[1] The court notes that on January 19, 2007, Plaintiff represented to this court "[a]ttached hereto is the protective order the parties and their respective counsel respectfully request this Honorable Court enter." (Doc. 108 at 2). Four days later, on January 23, 2007, Defendants' filed a notice pertaining to the 'agreed' protective order objecting to various parts of the proposed protective order (Doc. 110 at 1-2). Apparently, Plaintiff and Defendants were unable to agree, nevertheless, Plaintiff misrepresented the parties' joint agreement to this court. Plaintiff should not file pleadings with this court which materially misrepresent that the "parties and their respective counsel" have reached an agreement when in fact they have not. Without addressing the specific facts here, as a general matter, a party making misrepresentations to the court may be sanctioned under Federal Civil Rule of Procedure 11.

specificity any disputed issues and shall <u>not</u> refer back to the parties' prior motions.

Accordingly, it is **ORDERED**:

A. Defendants' Motion to Compel (Doc. 77) and Plaintiff's Motion for a Protective Order (Doc. 98) are **DENIED** without prejudice.

B. In order to preserve and maintain the confidentiality of certain documents to be produced by Plaintiff, H2OCEAN, INC. and Defendants, APRIL'S AFTER CARE, APRIL'S ATTIC and LEONARD SCHMITT:

1. Documents, information and other materials to be provided by the parties during discovery, which contain proprietary information, trade secrets, and confidential commercial information of the parties, are herein referred to as "Protected Documents." Further, the information contained in these Protected Documents to be produced by the parties during discovery may represent two levels of confidentiality to the parties. "Level 1" refers to a level of confidentiality which is not generally known and which a party would not normally reveal to third parties or would cause third parties to maintain in confidence. "Level 2" refers to a level of confidentiality applicable to information of a sensitive, competitive or strategic nature or a level of confidentiality applicable to trade secrets, disclosure of which information or trade secrets a party believes likely to have a harmful effect on that party if the disclosure is made to the other party. Except as otherwise indicated below, all documents that a party responding to a discovery request (hereinafter "producing party") has designated as "Level 1" or "Level 2" that are produced to the other party (hereinafter "discovering party"), its attorneys, consultants, agents, or experts in this action shall be Protected Documents as described below.

2. Protected Documents shall not include:
   (a) publicly disseminated advertising materials;
   (b) materials that on their face show that they have been published to the general public; or
   (c) materials made public by the producing party subsequent to the production thereof to the discovering party.

3. In the event that the discovering party disagrees with a "Level 1" or "Level 2" designation by the producing party with respect to a particular Protected Document, <u>the parties initially will attempt in good faith to resolve any such dispute on an informal basis</u>. If the parties are unable to resolve such a dispute informally, the discovering party may apply to the Court for relief. In that event, the producing party will bear the burden of proving that the Protected Document(s) in question is appropriately designated as a "Level 1" or "Level 2" document. Any such disputed Protected Document shall be treated as a Protected Document subject to the protection of this Order unless and until the Court determines otherwise. No party shall be obligated to challenge the propriety of a "Level 1" or "Level 2" designation, and a failure to do so shall not constitute an admission that any item or information therein is in fact a Protected Document nor preclude a subsequent challenge to the propriety of such designation.

4. Protected Documents and the material contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than in preparation for trial in this action, including discovery and motions incident thereto. Except as provided below, the discovering party shall keep all Protected Documents and the material contained therein confidential from all persons.

5. Except with the prior written consent of the producing party or upon further order of this Court, the discovering party's counsel of record as identified below shall not show "Level 1" Protected Documents or disclose the contents thereof to any person other than the Court and the following persons (hereinafter referred to as "Level 1 Qualified Persons"):

(a) The discovering party's counsel of record in this action as identified in Appendix A hereto which may be amended from time to time as necessary (hereinafter "counsel or record"), their respective associates, clerks, legal assistants, stenographic personnel, and firms counsel of record may have retained to provide support services and the employees of said firms;

(b) No more than two (2) designated in-house legal counsel of the discovering party as identified in Appendix B hereto which may be amended from time to time as necessary (hereinafter "in-house legal counsel"), subject to the proviso described below;

(c) No more than three (3) designated employees of the discovering party in addition to the two (2) designated in-house legal counsel, subject to the proviso described below; and

(d) Independent experts and consultants retained by counsel of record for the discovering party in this civil action whose assistance is necessary for the preparation for trial of this specific action including discovery and motions incident thereto, subject to the proviso described below. As to each person referred to in subparagraphs (b), and (c) and (d) above to whom "Level 1" information is to be given, shown, disclosed, made available, or communicated in any way, such person shall first execute a Declaration in the form attached hereto as Appendix B agreeing to be bound by the terms of this Order and said Declaration shall be provided to opposing counsel.

6. Except with the prior written consent of the producing party or upon further order of this Court, the discovering party's counsel of record shall not show "Level 2" Protected Documents, or disclose the contents thereof, to any person other than the Court and the following persons (hereinafter referred to as A Level 2 Qualified Persons):

(a) The discovering party's counsel of record in this action, their respective associates, Clerks, legal assistants, and stenographic personnel and firms counsel of record may have retained to provide support services and the employees of said firms; and

(b) Independent experts and consultants retained by the discovering party in this civil action whose assistance is necessary for the preparation or trial of this specific action including discovery and motions incident thereto, subject to the proviso described below. Neither the Plaintiff, employees of Plaintiff, or

intended future employees of the Plaintiff may be included in this class, even if they have been "hired" as independent experts or consultants.

As to each person referred to in subparagraph (b) above to whom "Level 2" information is to be given, shown, disclosed, made available, or communicated in any way, such person shall first execute a Declaration agreeing to be bound by the terms of this Order, such Declaration to be in a form substantially similar to the Declaration attached hereto as Appendix B, but modified to reflect the fact that the information is "Level 2" rather than "Level" 1 information.  Copies of these declarations shall also be provided to opposing counsel.  In the case of persons referred to in subparagraph (b) above, said Declaration shall include a paragraph providing that said person shall not disclose, make available or communicate any "Level 2" Protected Documents, or information contained therein or obtained there from, to any person not included in the designation of Level 2 Qualified Persons.

7. Counsel of record for each party shall serve on counsel of record for each other party a true and correct copy of each Declaration signed by any Level 1 Qualified Person and/or any Level 2 Qualified Person who is expected to testify at the trial or otherwise in this civil action with such service to be made within seven (7) days following the signature of each such Declaration.  Counsel of record for a party shall be required to serve on counsel of record for each other party a copy of each Declaration signed by a Level 1 Qualified Person.

Notwithstanding anything contained herein to the contrary, the Parties, their respective counsel, agents, employees, independent contractors, owners, representatives, successors, and assigns agree that discovery produced by Plaintiff designated as Level 1 shall solely be produced to Defendants' legal counsel Clark, Partington, Hart, et al. and Greenberg & Lieberman.  All such discovery produced to the foregoing law firms shall not be produced, provided to, shown, or disclosed (including the information contained within any such discovery) to the Defendants or their agents, employees, independent contractors, owners, representatives, successors, and assigns.  Except as set forth herein, and in conformity herewith, legal

counsel Clark, Partington, Hart, et al. and Greenberg & Lieberman shall be entitled only to use such Level 1 discovery of Plaintiff in defense of this Action on behalf of the Defendants.

8. The discovering party's counsel of record shall maintain records of all copies of each Protected Document distributed, in whole or in part, to Level 1 Qualified Persons and Level 2 Qualified Persons. Any copy so distributed shall be returned to counsel of record for the producing party after the completion of the case. Such records shall be kept separately for "Level 1" and "Level 2" Protected Documents, and each page thereof will be marked "Confidential - Level 1" or "Confidential - Level 2" by means of a stamp or label.

9. Protected Documents will be marked "Level 1" or "Level 2" by means of a stamp or label indicating "Confidential - Level 1" or "Confidential - Level 2," as appropriate, on a document. Testimony may be designated as "Level 1" or "Level 2" during a discovery or testimony deposition if, in the judgment of counsel of record for a party, "Level 1" or "Level 2" information or documents will be or has been disclosed or discussed.

10. To the extent that any Protected Document or information obtained therefrom is used in the taking of any deposition, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the Protected Document or information. If the Protected Document or information derived there from is used in the taking of, or is elicited during any deposition, the reporter will be informed of this Order and will be required to operate in a manner consistent with this Order, and the reporter shall separately bind and label the "Level 1" or "Level 2" pages of the deposition transcript separately from the remainder of the transcript. Unless otherwise agreed by all of the parties, counsel of record for a producing party may, within twenty (20) days following the taking of a deposition, designate as "Level 1" or "Level 2" confidential information any portion of the transcript or any document used during the deposition in which event the counsel of record making such additional

designation shall concurrently therewith inform counsel of record for each adverse party thereof. During said twenty (20) day period, the parties shall treat the deposition transcript and all documents used during the deposition as Protected Documents subject to possible "Level 1" or "Level 2" designation. The failure to make such additional designation within said twenty (20) day period shall constitute a waiver of the confidential status of the testimony or document in question.

11. If any party wishes to file documents with the Court that contain any portion of any Protected Document or information taken from any Protected Document, that party shall lodge the documents under seal and shall comply with the requirements of the local rules pertaining to sealed or confidential documents. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this civil action (viz., H2OCEAN v. Leonard Schmidt and April's After-Care, Civil Action No. 3:05cv387 RV/EMT)), an indication of the nature of the contents of such sealed envelope or other container, the term "CONFIDENTIAL- LEVEL 1" if a Level 1 Protected Document, or the term "CONFIDENTIAL - LEVEL 2" if a Level 2 Protected Document, and a statement substantially in the following form:

> This envelope is sealed and contains confidential "Level 1" or ["Level 2"] information subject to the Agreed Protective Order filed in this civil action, and is not to be opened or the contents thereof displayed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or contained shall not be opened without the Order of the Court, except by officers of the Court and counsel of record, who, after reviewing the Contents, shall return them to the clerk in a sealed envelope or container.

12. Promptly after the conclusion of this action, all Protected Documents, all copies thereof, and all excerpts there from shall be returned to counsel of record for the producing party; provided, however, that each counsel of record may retain one complete and un-redacted set of pleadings and papers filed with the Court or served on the other party for archival purposes only.

13. The parties, their counsel of record, and experts or any other person retained

by the parties to assist in the prosecution or defense of this civil action shall not under any circumstances sell, offer for sale, advertise, or publicize either the contents of Protected Documents or the fact that the party has obtained "Level 1"or "Level 2" documents from the other party.

14. After termination of this civil action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record through no fault of the discovering or receiving party. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation unless this case is transferred to another Court, in which case the Court to which this case is transferred shall have sole jurisdiction.

15. This Order shall be binding upon the parties, upon their attorneys, and upon the parties' and their attorneys' respective successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control.

**DONE AND ORDERED** this 24th day of January 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## APPENDIX A

I.      Counsel for Plaintiff, H2OCEAN, Inc.

      Kevin H. Fabrikant, Esq.
      Law Offices of Kevin H. Fabrikant & Assoc., P.L.
      12000 Biscayne Blvd., Suite 609
      North Miami Beach, Florida  33181

II.     Counsel for Defendants, Leonard Schmitt, April's After-Care, Inc., April's Attic

      John M. Kvartek, Esq.
      Clark, Partington, Hart, Larry, Bond & Stackhouse
      125 W. Romana St., Suite 800
      Pensacola, FL 32502

      Stevan Leiberman, Esq.
      Greenberg & Lieberman
      c/o John M. Kvartek, Esq.

APPENDIX B

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

H2OCEAN, INC.,
    Plaintiff,

v.                                            Case No. 3:05cv387/RV/EMT

LEONARD SCHMITT, et al.,
    Defendants.
_____/

DECLARATION

    I, _____, hereby declare as follows:

1. I hereby acknowledge that I have read the Agreed Protective Order in the above-captioned civil action, which is attached as an Exhibit to this Declaration.

2. I further acknowledge that I understand the contents of the Agreed Protective Order and further understand the contents of this Declaration.

3. I further acknowledge that in consideration of my execution of this Declaration, I will be given access to documents, testimony or other tangible or intangible things which either do or may contain confidential "Level 1" [and/or "Level 2"] information, as that term is defined in the Agreed Protective Order.

4. I further acknowledge and agree that I will be bound at all times by the terms, provisions, and conditions of the Agreed Protective Order; will not disclose to anyone except as provided under the terms of the Agreed Protective Order and confidential "Level 1" [and/or "Level 2"] information to which I am given access in this case; will deal with such confidential "Level 1" [and/or "Level 2"] information strictly in accordance with the procedures outlined in the Agreed Protective Order; will not duplicate, recreate, communicate or otherwise utilize such confidential "Level 1" [and/or "Level 2"] information except as provided under the terms of the Agreed Protective Order; and will take all steps

within my power to maintain said confidential "Level 1" [and/or "Level 2"] information in accordance with the terms of the Agreed Protective Order.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on _____, _____.

_____

Notary: